IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEBBIE SUE SALVETTI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00505 |
| | ) | |
| GEORGIA BAR ASSOCIATION, et al., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND JUDGMENT

TILLEY, District Judge

This matter is currently before the Court on the following motions: Defendant Angela Stewart Panter's Motion to Dismiss [Doc. #15]; Ms. Panter's Motion for More Definite Statement [Doc. #17]; Defendant Dianne Scoggins' Motion to Dismiss or for More Definite Statement [Doc. #23]; the Gilmer County Defendants' Motion to Dismiss or for More Definite Statement [Doc. #27]; Gwinett County Bar Association, Inc's Motion to Dismiss or for More Definite Statement [Doc. #31]; Defendant Jacquelin Gellman's Motion to Dismiss [Doc. # 35]; Defendant Margaret Gettle Washburn's Motion to Dismiss or for More Definite Statement [Doc. #44]; Defendants Judge Brenda Weaver, Judge Roger Bradley, Judge Frank Fulford, Judge Richard Winegarden, William Reilly, and Brenda Crawford's Motion to Dismiss [Doc. #60]; the Honorable John Edwin Worcester-Holland's Motion to Dismiss [Doc. #66]; Defendant Diane Marger Moore's Motion

to Dismiss [Doc. #70]; Defendant Lauren S. Smith's Motion to Dismiss [Doc. #78]; the Honorable Dana M. Thompson's Motion to Dismiss [Doc. #83]; Defendant Vickki Ford Cook's Motion to Dismiss [Doc. #88]; Defendant Deborah Stone's Motion to Dismiss [Doc. #99].

For the reasons stated below, the Motions to Dismiss are GRANTED, any remaining motions are denied as MOOT, and this case is DISMISSED.

I.

The thirty defendants identified in the caption of this pro se Complaint include courts, judges, sheriff departments, child protective services and employees, attorneys, bar associations, and psychologists/therapists located in several counties in Georgia. Generally, the Complaint contains narrative paragraphs asserting the rights of parents to raise their children and claiming that various custody actions throughout the past ten years in the state courts of Georgia have violated Ms. Salvetti's rights. In particular, Ms. Salvetti asserts that the defendants have violated the Racketeer Influenced and Corrupt Organizations ("RICO") Act, see [Doc. #1] (citing 18 U.S.C. §§ 1962 and 1964), and also asserts that the defendants have violated her civil rights for which she seeks relief pursuant to 42 U.S.C. § 1983. Ms. Salvetti also appears to claim that the minor child's placement in foster care in Georgia violates the Thirteenth Amendment's prohibition against involuntary servitude. Finally, the Complaint asserts that Georgia has placed the child in foster care solely for the purpose of receiving

2

federal funds in violation of 18 U.S.C. § 666(a)(1)(A) (prohibiting embezzlement or theft by programs receiving federal funds). Ms. Salvetti purports to bring this embezzlement claim as a qui tam action on behalf of the United States pursuant to the False Claims Act. See 31 U.S.C. § 3730(b) (allowing private persons to file civil false claims actions alleging fraud against the United States government). The United States has declined to intervene in this matter. [Doc. #8].

II.

In her prayer for relief, Ms. Salvetti seeks "the immediate return of her minor child to her permanent sole custody." It is well established that the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The Fourth Circuit recently described the domestic relations exception as the "long established precedent that federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) (citing Cole v. Cole, 633 F.2d 1083, 1987 (4th Cir. 1980)). Thus, this Court lacks subject matter jurisdiction to award Ms. Salvetti custody of the minor child.

Ms. Salvetti's prayer for relief is not limited, however, to seeking custody of the minor child. In addition, Ms. Salvetti seeks an award of restitution and damages in excess of $70 million for alleged violations of RICO, the False Claims Act, various Constitutional provisions, and Ms. Salvetti's due process and parental

3

rights.  Despite reference to constitutional provisions and citation to the United States Code, however, each of the counts in the Complaint assert that the state courts of Georgia have wrongfully denied Ms. Salvetti custody of her minor child. Essentially, the Complaint seeks review and reversal of state court custody orders.

Congress has vested only the Supreme Court with jurisdiction to review state court decisions.  28 U.S.C. § 1257.  As a corollary to this statute, the Supreme Court has developed the Rooker-Feldman doctrine, which deprives district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  As the Fourth Circuit has explained, "Exxon requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself.  If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply."  Davani v. Va. Dept. of Transp., 434 F.3d 712, 718-19 (4th Cir. 2006).

Each of the counts in Ms. Salvetti's Complaint challenge the propriety of the state court orders that denied Ms. Salvetti custody of the minor child.  As such, this Court does not have jurisdiction to consider Ms. Salvetti's claims under the Rooker-Feldman doctrine.  See Moore v. Idealease of Wilmington, --- F.Supp. 2d ---, 2006 WL 3581555, at *5 (E.D.N.C. Nov. 21, 2006) (applying the Rooker-Feldman

4

doctrine where the plaintiff did "not allege an injury independent of the state-court action"); McRae v. Evans, slip copy, 2006 WL 3327639, at #3 (D.S.C. Nov. 15, 2006) (applying the Rooker-Feldman doctrine where the plaintiff was attempting to appeal a state court decision to the district court).

III.

For the reasons stated above, this case is DISMISSED.

This the day of February 6, 2007

      /s/ N. Carlton Tilley, Jr.
United States District Judge